IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
TIME:_____
JAN 3 - 2005
JAMES BONINI, Clerk
COLUMBUS, OHIO

MICHAEL BELL,
    Plaintiff,

:    Case No. C2: 03-CV-176

:    Judge Sargus

v.

:    Magistrate Judge Abel

SUZUKI MOTOR CORPORATION, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Partial Summary Judgment. For the reasons that follow, the Court denies the Motion filed by Defendant, Suzuki Motor Corporation, et al., with respect to the Plaintiff's survival claim for personal injury.

I

This case arises from the death of Ruth Bell following an accident in an all-terrain vehicle. On July 13, 2002, Ruth Bell was driving her new 2002 Suzuki Tiger All-Terrain Vehicle ("ATV"). (Plaintiff's Complaint, 7.) Donald Russlee, a passenger, was sitting behind Bell in the ATV. Mr. Russlee testified that when Ms. Bell accelerated the ATV while attempting to climb the grade of a hill, the vehicle filliped backwards. Both of them were thrown from the ATV. Mr. Russlee screamed Ms. Bell's name in fear before he was thrown out of the ATV. Mr. Russlee landed on his back and remained unconscious for a brief period of time. When he regained consciousness, he found Ms. Bell lying on the ground. No one else was then present at the accident scene. Mr. Russlee attempted to find Ms. Bell's pulse, although without success. He screamed for help and tried to administer CPR.

(Russlee Dep. p. 45-60.) Michael Bell, Ruth's son, was following the ATV in a separate vehicle. Mr. Bell arrived at the scene in a few minutes after the accident. Mr. Bell testified in his deposition that, "I checked to see if she was breathing. I did detect some faint breathing. I did not get a pulse. And I started chest compressions, kept checking for breathing. I didn't detect any, so I stated full resuscitation." (Michael Bell Dep. p. 43-48.)

Emergency personnel were called to assist Ms. Bell at 8:44 P.M., shortly after the accident. (Toronto EMS Run Report.) Robert Lawrence, a "first responder" volunteer firefighter stated that he did not see any sign of consciousness in Ms. Bell. (Robert A. Lawrence, JR. Dep. p. 6, 17.) The paramedics arrived at 8:55 P.M and attempted to revive Ms. Bell, but she was unresponsive. Ms. Bell was transported to the hospital and pronounced dead at 10:00 P.M. (EMS Run Report.)

Plaintiff, Michael Bell, Administrator of the Estate of Ruth Bell, brings this action against Defendants, Suzuki Motor Corporation and American Suzuki Motor Corporation, alleging negligence and various product liability and warranty theories. Plaintiff seeks to recover damages for Ruth Bell's conscious pain and suffering, wrongful death and punitive damages.

## II

The procedure for granting summary judgment is set forth in Fed. R. Civ. Pro. 56(c), which provides in pertinent part that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.

The movant has the burden of establishing that there is no genuine issue of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support

an essential element of its case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.,* 12 F.3d 1382, 1388-89 (6th Cir. 1993). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. Kress & Co.,* 398 U.S. 144, 158-59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations . . . but . . . set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c); *see Celotex,* 477 U.S. at 324; *Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th Cir. 1994). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be affirmative evidence on which the jury reasonably could find for the nonmoving party. *Anderson,* 477 U.S. at 251; *see Coleland v. Machulis,* 57 F.3d 476, 479 (6th Cir. 1995). In short, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the records upon which it seeks to rely to create a genuine issue of material fact.

### III

Plaintiff brings this survival action alleging that the decedent, Ruth Bell, suffered conscious pain and suffering during the period following her injuries but before her death. Plaintiff also seeks to recover for Ms. Bell's conscious pain and suffering in a survival action including recovery for the

personal injuries suffered by Ms. Bell in form of pre-impact terror *i.e.*, fear, emotional distress and pain when the vehicle started to lose control.

A.     **Consciousness**

Because the case is a diversity case, Ohio substantive law must be applied. *Henry v. Wausau Business Inc. Co.*, 351 F.3d 710, 713 (6th Cir. 2003). Ohio Revised Code §2305.21 governs survival actions and provides as follows:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto.

Under Ohio law, an estate may not recover for the decedent's pain and suffering when the evidence demonstrates that the decedent was rendered unconscious at the instant of the injury and died of such injuries without ever having regained consciousness. *Johnston v. Johnston*, 119 Ohio Misc. 2d 143, 187, 774 N.E.2d 1249, 1283-84 (Ohio Com.Pl. 2001) (citing *Lorain Times-Hearld Co. v. Bel Boccio*, 15 Ohio Law Abs, 735 (Ohio Ct. App. 1933); *Laverick v. Children's Hosp. Med. Ctr. of Akron, Inc.*, 43 Ohio App. 3d 201, 202, 540 N.E.2d 305, 308 (Ohio Ct. App. 1988)). The estate may recover for a decedent's pain and suffering, however, when there is affirmative evidence to show that the decedent was not *completely unconscious* during the interval between the accident and death. *Flory v. New York Cent. RR.. Co.*, 170 Ohio St. 185, 189, 163 N.E.2d 902, 905 (1959)(emphasis added). The Ohio Supreme Court held that a decedent, who was not completely unconscious after her accident, was capable of experiencing pain and suffering before her death. *Id.*

Summary judgment on Plaintiff's survival claims should be denied if the record contains conflicting evidence regarding whether the decedent regained consciousness during the period

between her injury and her death. *Johnston*, 119 Ohio Misc. 2d at 188; *McGill v. Newark Surgery Ctr.*, 113 Ohio Misc. 2d 21, 40, 756 N.E.2d 762, 777-78 (Ohio Com.Pl. 2001) (summary judgment on plaintiff's survivorship claim properly denied where medical records showed boxes checked "awake" and "responsive" upon arrival at the hospital, but the word "error" was written next to those entries; testimony also established that the anesthetic used during the surgery was turned off and on once the decedent started to bleed); *Laverick*, 43 Ohio App. 3d at 202 (the testimony regarding the decedent's "reactions and movements" was sufficient to defeat the plaintiff's motion for directed verdict because "reasonable minds might reach different conclusions as to whether the decedent was unconscious.").[1]

In the case at hand, the record contains disputed evidence regarding whether Ruth Bell, the decedent, was conscious after the accident. Defendants point to evidence that indicates Ms. Bell was not conscious at some point after the accident, including the testimony of "first responder" volunteer firefighter, who testified that he did not see any signs of consciousness; testimony of the paramedic

---

[1] The law in Ohio indicates that survival actions fail as a matter of law only if the record lacks *any* affirmative evidence that the decedent was, in fact, conscious prior to her death. *Clark v. McCollum*, Case No. L-92-158, 1993 WL 380115, at p. *3-*4 (Ohio Ct. App. May 28, 1993) (unreported) (affirming grant of summary judgment where only evidence present to show decedent's consciousness was the testimony of a forensic pathologist who testified that there was no medical reason to show that the decedent was not conscious during the period after her accident and prior to her death; pathologist had no evidence of decedent's consciousness because she was not present at the scene of the accident.); *Nationwide Mut. Ins. Co. v. Wright*, Case No. 95CA006190, 1996 WL 304205, at p. *3-*4 (Ohio Ct. App. June 5, 1996)(unreported)(where the parties stipulated in writing that the decedent suffered no conscious pain and suffering); *Monnin v. Fifth Third Bank of Miami Valley*, 103 Ohio App. 3d 213, 227, 658 N.E.2d 1140, 1149-50 (Ohio Ct. App. 1995) (holding that bank customer who was fatally shot by perpetrator of bank robbery did not experience conscious pain and suffering between the shooting and death based on the facts that the death certificate listed the customer's death resulting from "penetrating gunshot wound to the head" resulting in "brain destruction"; bank employee testified that the customer made no response after he was shot, and; plaintiff presented no evidence to contradict death certificate or the statement of the bank employee.).

Kathleen Hartline, who indicated that she did not see any sign of consciousness during the entire time she worked to resuscitate her; and, the fact that Ms. Bell was declared dead on her arrival at the hospital. The record, however, also contains the undisputed deposition testimony of Michael Bell, who was present at the scene only minutes after the accident and testified that he "did detect some faint breaths [from Ruth Bell]." (Michael Bell Dep. P. 43-44.) Mr. Bell's testimony presents affirmative evidence that Ms. Bell could have been conscious immediately after her accident and creates a conflict of fact regarding this material issue. A reasonable jury could find that Ms. Bell was conscious, and therefore capable of experiencing pain and suffering, during the period after her injury and before her death.

**B.     Pre-Impact Terror**

Plaintiff, in his reply to the Defendants' motion for partial summary judgment, argues that the decedent, Ms. Bell suffered fear, emotional distress and pain and suffering when her vehicle started to lose control, before her actual injuries. In other words, Plaintiff argues that the estate should recover emotional distress damages arising from Ms. Bell's pre-impact terror. Defendants argue that Ohio does not recognize a per-impact terror claim in a survival action.

Very few Ohio cases address the viability of a pre-impact terror claim as part of a survival action. In *Case v. Norflok & Western RR. Co.*, 59 Ohio App. 3d 11, 15, 570 N.E.2d 1132, 1137 (Ohio Ct. App. 1988), the court noted that "[o]ur research discloses no Ohio cases permitting a cause to proceed . . . under R.C. 2315.21 for 'pre-impact terror.'" However, in a case discussing Ohio law on the subject, the United States District Court of the Northern District of Illinois noted in *In re Air Crash Disaster At Sioux City*, Case Nos. MDL-817, 89 C 8082, 1991 WL 279265 *2 (N.D.Ill Dec. 6, 1991)(unreported), that "[t]his passage [of *Case v. Norflock & Western RR. Co.*] does not qualify

as a clear statement of policy against survival action damages based on the pre-impact terror experienced by plaintiff decedents." Absent clear authority for the restrictive view that punitive damages are not available in survival actions, the court declined to rule that Ohio law does not permit recovery for pre-impact terror. *Id.*

In *Air Crash Disaster*, plaintiffs argued that damages in an Ohio's survival action are not limited to decedent's personal injuries between the time of crash and death. Plaintiffs sought a recovery that extended to personal injuries suffered in form of decedent's pre-crash terror during the time before the crash and after the plane lost its engine and hydraulic control system. *Id.* The court noted that the Ohio's survival actions law addresses "the broader concern of the wrong done to the injured party." *Id.* (citing *Jones v. Wittenberg University*, 534 F.2d 1203, 1207 (6th Cir. 1976) (holding that under the Ohio's survival statute, every cause of personal injury action which the injured party would have had during his lifetime, survives his death)).

This Court agrees with the analysis of *Air Crash Disaster* that Ohio's survival statutes are designed to remedy the wrong done to the injured party. Ohio's survival statute, as set forth in Ohio Rev. Code § 2305.21, specifically provides that decedent's estate may bring claims to recover for injuries to the decedent or property, in addition to all other actions which can be brought under the common law. In a tort action, Ohio law permits claims for infliction of serious emotional distress and psychic injury. *Bowman v. Parma Bd. of Educ.*, 44 Ohio App. 3d 169, 177, 542 N.E.2d 663, 671 (Ohio Ct. App. 1988) (citations omitted). This is particularly apt in cases involving physical contact, as present in this matter. *See Schultz v. Barberton Glass*, 4 Ohio St. 3d 131, 447 N.E. 2d 109 (1983). Moreover, because survival statutes are remedial in nature, courts are to liberally construe such provisions of law. *Johnson v. Dep't of Mental Retardation & Dev.*, 35 Ohio Misc. 2d 18, 520

N.E.2d 29, 30 (Ohio Ct. Cl. 1987). Therefore, the court finds no reason to limit a survival action by excluding the emotional distress and fear experienced by the decedent in anticipation of death or injury, even if such emotional distress was before the physical injury sustained by the decedent.

The issue in survival actions is whether any affirmative evidence exists to show that the decedent was not completely unconscious during the time between her accident and before her death, and therefore, was capable of experiencing pain and suffering. Plaintiff has already demonstrated that conflicting evidence exists in the record regarding decedent's consciousness after the ATV flipped and before her death. Further, Plaintiff argues that realizing that one's ATV was losing control would cause any reasonable person fear or terror of anticipated personal injury or death. In support of his argument, Plaintiff produced deposition testimony of Donald Russlee, who was riding in the ATV with Ms. Bell, and who indicates that he was in great fear when he realized that the ATV was losing control. As such, a reasonable jury could find that Ruth Bell was terrified and experienced conscious fear and terror when she lost control of her vehicle.

Construing the conflicting evidence most strongly in favor of the party against whom the motion for summary judgment has been made, the Court concludes that there is a genuine issue of material fact such that reasonable minds could come to more than one conclusion regarding whether Ms. Bell was completely unconscious during the time between the accident and until her death, and whether the decedent suffered pre-impact terror. Therefore, Defendants' motion for partial summary judgment is denied.

## IV

For the foregoing reasons, Defendants' First Motion for Partial Summary Judgment (Doc. #25) as to the survival claims set forth in Plaintiff's Complaint is hereby **DENIED**.

**IT IS SO ORDERED.**

1-3-2005
**Date**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE